UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK P. RAGUSA, JR. | CIVIL ACTION NO. 2:21-cv-1971 |
| | SECTION: J(1) |
| VERSUS | |
| | JUDGE CARL J. BARBIER |
| LOUISIANA INSURANCE GUARANTY ASSOCIATION, ET AL. | MAG. JUDGE JANIS VAN MEERVELD |

## ORDER & REASONS

Before the Court is Plaintiff's *Motion to Remand* **(Rec. Doc. 8)** filed by Plaintiff, Frank P. Ragusa ("Plaintiff"). The motion is opposed by Defendants, Albert L. Bossier, Jr. and Huntington Ingalls Inc (collectively "Defendants") **(Rec. Doc. 25)**. Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of alleged asbestos exposure at the Avondale Shipyards. On and off from June 5, 1972 to March 20, 1975, Plaintiff was an employee of Huntington Ingalls, Inc., where he ran a "cherry picker" at Avondale shipyards. During this time, he never stepped aboard any federal vessel, but he was exposed to asbestos dust. Later in life, he contracted mesothelioma.

On July 16, 2021, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, Louisiana. On August 26, 2021, Plaintiff amended the complaint and served Defendants on October 4, 2021.

1

On October 26, 2021, Defendants removed the case to this Court pursuant to the Federal Officer Removal Statute. On October 28, 2021, Plaintiff moved to remand, because they claim removal was untimely and Defendants cannot satisfy the connection requisite.

## **PARTIES' ARGUMENTS**

The original petition alleges that Plaintiff was "exposed to substances which resulted in his mesothelioma and other ill effects" during his employment at Avondale but fail to mention how he was exposed. (Rec. Doc. 1-1), at 3, 6. With slightly more specificity in the amended complaint, Plaintiff alleged that exposure was due to asbestos dust released by the installation, removal, and repair of asbestos-containing products. (Rec. Doc. 1-2), at 4.

Considering Plaintiff's failure to affirmatively identify the reason for exposure, Defendants removed after concluding that the asbestos dust must be from ambient exposure to asbestos-containing products, which include the products required for building federal vessels at the shipyard. At the time of the alleged exposure, Defendants claim that two federal vessels were being constructed at the Avondale shipyards.

However, Plaintiffs argue that nowhere in either complaint do they allege that Plaintiff had ambient exposure to asbestos dust from federal vessels. In fact, they clarify that Plaintiff never set foot on a federal vessel and his work with the cherry picker left him unaware how he was exposed to asbestos. Further, they contend Defendants' removal was not timely, because the thirty days from the initial petition had already passed.

## LEGAL STANDARD

Although federal courts are courts of limited jurisdiction, "federal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Although the principle of limited federal court jurisdiction ordinarily compels federal courts to resolve any doubt about removal in favor of remand, courts should analyze removal under § 1442(a)(1) "without a thumb on the remand side of the scale." *Savoie v. Huntington Ingalls, Inc.*, 817 F. 3d 457, 462 (5th Cir. 2016). Nevertheless, it remains the removing party's burden of showing that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, a federal court has subject matter jurisdiction if the defendant is "any person acting under [an officer] of the United States or of any agency thereof . . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal under § 1442(a)(1), a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

Thus, in cases involving asbestos exposure, where defendants were "free to adopt the safety measures the plaintiffs now allege would have prevented their injuries," remand is warranted, but where the plaintiff's claims "rested on the mere

3

use of asbestos" at the direction of the federal Government, removal is appropriate. *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 401 (5th Cir. 2018) (internal quotation marks, brackets, and citations omitted).

## **DISCUSSION**

The issues before the Court are (1) whether the Federal Officer Removal connection prong is met and (2) whether Defendant's removal was timely.

First, Defendants properly removed under the Federal Officer Removal Statute, because they meet all requirements including the connection prong. A defendant need not win their case at their jurisdictional stage. *Latiolais*, 951 F.3d at 297 n.10. Moreover, courts must interpret factual disputes in favor of maintaining federal jurisdiction under 28 U.S.C. § 1442. *Schnexnayder v. Huntington Ingalls, Inc.* No. 20-775, 2020 WL 3970159, at *3 (E.D. La. July 14, 2020); *see also Louisiana v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992).

In *Bourgeois v. Huntington Ingalls, Inc.*, the plaintiff worked at Avondale as a mail dispatcher. *Bourgeois v. Huntington Ingalls, Inc.*, 2020 U.S. Dist. LEXIS 84888, at *21 (E.D. La. May 14, 2020). Later in life, he allegedly contracted mesothelioma because of exposure to asbestos fibers and dust during his employment at Avondale. *Id.* at *6-7. There was no evidence that the plaintiff ever set foot on a federal vessel, but his job as a mail dispatcher took him all over the shipyard, including places where asbestos-containing materials were used and prepared for the federal vessels. *Id.* at *6-7, 21. "Under the broad reading of 'relating to' *Latiolais* dictates, . . . . the evidence that six Navy vessels were under

4

construction while Bourgeois worked at Avondale [tends] to show that Bourgeois was likely exposed to asbestos used under the direction of a federal officer, thereby satisfying the connection prong." *Id.* at *22.

Here, courts have consistently held that Defendants in this case are entitled to removal under the Federal Officer Removal Statute. *See id.*; *see also Latiolais*, 951 F.3d 286; *see also Legendre*, 885 F.3d 398. Like the plaintiff in *Bourgeois*, the fact that Plaintiff in this case never set foot on a federal vessel is immaterial. Plaintiff's work with the cherry picker took him all over the shipyard including places where asbestos-containing materials were likely used and installed on the two federal vessels. Under the broad reading of the connection prong, the evidence that at least two federal vessels were under construction during the time of the alleged exposure tends to show that Plaintiff was likely exposed to asbestos being used under the direction of a federal officer. Thus, the connection prong is met. There are no other facts that differentiate this case from extensive precedent. Hence, Defendants meet the requirements to remove under the Federal Officer Removal Statute.

Second, Defendants' removal was timely. There is a bright line rule that a defendant has thirty days to remove starting upon defendant's receipt of an initial pleading or other document that affirmatively reveals on its face why the case is removable. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The trigger for removal must be unequivocally clear and certain. *Bosky v. Kroger*, 288 F.3d 208, 211 (5th Cir. 2002). Further, the trigger must be the result of a voluntary act by the plaintiff; the defendant's knowledge and actions cannot trigger the thirty-day

5

clock. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Cole v. Knowledge Learning Corp.*, 416 F.App'x 437, 440 (5th Cir. 2011). Specifically, the thirty days do not start to run if the defendant need to do independent research to ascertain the necessary facts, nor does a defendant's subjective knowledge trigger the thirty-day clock. *S.W.S. Erectors, Inc.*, 72 F.3d at 494; *Cole*, 416 F.App'x at 440. At the same time, even if the thirty-day clock has not started to run, removal is proper if a defendant is able to show why the case is removable. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. Mar. 7, 1995); *see Manieri v. Cr. Eng., Inc.*, 2019 U.S. Dist. LEXIS 77655, at *2-3 (E.D. La. May 8, 2019) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002)).

In *Clark v. Huntington Ingalls, Inc.*, the original petition did not affirmatively reveal on its face why the case was removable, because "it did not name any federal vessels or 'other details that made the case removable under the Federal Officer Removal Statute.'" *Clark v. Huntington Ingalls, Inc., et al.*, 2021 U.S. Dist. LEXIS 200895, at *9 (E.D. La. Oct. 18, 2021) (quoting *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2020 U.S. Dist. LEXIS 218529, at *3 (E.D. La. Nov. 23, 2020)). Because of this, the thirty-day clock was not triggered by the original petition. *Id.* Rather, the thirty-day time limit was triggered upon possession of the plaintiff's deposition transcript, which showed that he was exposed to people from "Army, Navy, [and] Marines" and "all the Army people came from Avondale." *Id.* at *9-10. The deposition made the connection between the facts triggering removability

unequivocally clear by drawing the connection between the government and the injurious acts, in a way the petition did not. *See id.*

In *Manieri v. Cr. Eng., Inc.*, the Court held removal was proper under diversity jurisdiction, even though the defendant filed for removal before the thirty-day clock began. 2019 U.S. Dist. LEXIS 77655, at *9. In their petition, plaintiff did not affirmatively allege a specific amount in damages, so the thirty-day clock was never triggered. *Id.* Plaintiff argued that the defendant had subjective knowledge that the claim's value was in excess of the jurisdictional requirement. *Id.* at *4. However, the Court held that defendant's subjective knowledge was irrelevant, because only the plaintiff can trigger the thirty-day time limit. *Id.* Further, the Court found that there was no requirement "to 'unlock' the thirty-day window by presenting 'unequivocally clear and certain' evidence," which allows a defendant to file for removal before the plaintiff affirmatively reveals why the case is removable. *Id.* at *9 (citing *Chandler v. Ruston Louisiana Hospital Co. LLC*, No. 3:14CV121, 2014 U.S. Dist. LEXIS 36943, at *17 (W.D. La. Mar. 19, 2014)).

Finally, the Fifth Circuit Court noted the important policy reasons behind the bright line rule:

> The *Chapman* court had several practical ramifications in mind when it announced this standard. By rejecting a so-called due-diligence standard, it sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading. Moreover, the *Chapman* court wanted to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading [is removable].

7

*Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 399 (5th Cir. June 10, 2013). The *Chapman* court wanted to avoid wasting court resources on determining Defendants' subjective knowledge at a given time and to discourage Plaintiffs from hiding the ball in their pleadings. If Plaintiffs want the thirty-day clock to begin running, they must make unequivocally clear the facts triggering removability.

Like the petition in *Clark*, neither the Plaintiff's first nor amended complaints triggered removal, because they do not allege unequivocally clear the facts that connect the government to the injurious acts. Specifically, neither complaint affirmatively names asbestos exposure due to any federal vessels, federal employees, or other details that would make the case removable under the Federal Officer Removal Statute. Rather, Plaintiff generally alleges in both complaints that exposure was a result of asbestos dust from installation, removal, and repair of various asbestos-containing materials nearby. They never specify who was using these materials nor what these materials were used to build. Therefore, both petitions fail to affirmatively reveal on their face why the case in removable, so neither triggered the thirty-day clock to run.

However, as held in *Manieri*, Defendants did not need the thirty-day window unlocked to remove to this Court. Again, the clock in this case never began to run, because Plaintiffs did not affirmatively reveal why the case is removable and an inquiry into Defendants' subjective knowledge is irrelevant for purposes triggering the thirty-day clock. Therefore, even though Defendants filed for removal before the thirty-day clock was triggered, removal was timely.

8

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDER** that Plaintiff's motion to remand **(Rec. Doc. 8)** is **DENIED.**

New Orleans, Louisiana, this 23rd day of November, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE