UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK P. RAGUSA, JR. | CIVIL ACTION |
| VERSUS | NO. 21-1971 |
| LOUISIANA INSURANCE GUARANTY ASSOCIATION, ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is Plaintiff's *Motion for Status Conference and Trial Setting* **(Rec. Doc. 100)** filed by Plaintiff, Frank P. Ragusa, Jr. ("Plaintiff"). Defendant, Huntington Ingalls, Inc. ("Defendant"), oppose the motion (Rec. Doc. 104). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of asbestos exposure, where Plaintiff faces a terminal diagnosis of mesothelioma. (Rec. Doc. 100, at 1). On October 26, 2021, Plaintiff filed suit in the Civil District Court for the Parish of Orleans. Defendant subsequently removed the case to this Court pursuant to 28 U.S.C. § 1442. In light of Plaintiff's diagnosis, Plaintiff now moves to set a preferential trial date. Defendant opposes an expedited trial setting because of insufficient time to prepare for trial.

## LEGAL STANDARD

The Court has discretion to "determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any

1

action" for good cause. 28 U.S.C. § 1657(a). Good cause is shown under § 1657 "if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit."

Federal Rule of Civil Procedure 16(b) further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In making scheduling decisions, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000); *see also Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 740 (5th Cir. 2010).

## DISCUSSION

The Court finds that Plaintiff has not shown good cause to expedite trial in this matter. Plaintiff relies on La. Code Civ. Pro. art 1573:

> The court shall give preference in scheduling upon the motion of any party to the action who presents to the court documentation to establish that the party has reached the age of seventy years or who presents to the court medical documentation that the party suffers from an illness or condition because of which he is not likely to survive beyond six months, if the court finds that the interests of justice will be served by granting such preference.

La. Code. Civ. Pro. art. 1573. There is no federal counterpart to this rule, but because Plaintiff suffers from terminal mesothelioma, he maintains that he is entitled to an expedited trial in state court. However, Article 1573 is not binding on this court, and because the case was removed under the Federal Officer Removal Statute, 28 U.S.C.

2

§ 1442, the rules of federal procedure must apply. *Cortez v. Lamorak Ins., Co.*, 2021 U.S. Dist. LEXIS 95603, at *15 (E.D. La. May 20, 2021).

In *McAllister v. McDermott, Inc.*, Plaintiff filed for an expedited trial setting due to his worsening mesothelioma. *McAllister v. McDermott, Inc., et al.*, No. 18-361, at *1 (M.D. La. July 31, 2018). The court denied Plaintiff's motion, because:

> it would be highly prejudicial to all Defendants, considering what remains to be accomplished through discovery, to force them to go to trial in a matter of months . . . while the Court is sympathetic to Plaintiff's failing health, the Court is unable to provide Plaintiff with an expedited trial date . . . "Many litigants have compelling reasons to desire a speedy remedy, however, and the Court's schedule does not permit expedited consideration of all these cases."

*Id.* at *2-3 (citing *Berenson*, 2017 U.S. Dist. LEXIS, at *2).

The facts in this case are analogous to those in *McAllister*. Here, the case was only recently removed to this Court. Also, Defendants need time more time to conduct discovery. Although the Court is not without compassion for the Plaintiff, the Court must consider that an expedited trial setting would prejudice the Defendants by denying them sufficient time for discovery and preparation.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Status Conference and Trial Setting* **(Rec. Doc. 100)** is **DENIED.**

New Orleans, Louisiana, this 7th day of March, 2022.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3