UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK P. RAGUSA, JR.

VERSUS

LOUISIANA GUARANTY
INSURANCE ASSOCIATION, ET AL.

CIVIL ACTION

NO. 21-1971

SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 211)** filed by Defendant, the Louisiana Insurance Guaranty Association ("LIGA"), as the alleged statutory obligor for policies issued by Lamorak Insurance Company on behalf of Huntington Ingalls Incorporated ("Avondale"), allegedly providing coverages to its alleged executive officers. The motion is opposed by Plaintiff, Frank P. Ragusa **(Rec. Doc. 288)**, and LIGA filed a reply (Rec. Doc. 297). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part.**

## FACTS AND PROCEDURAL BACKGROUND

On and off from June 5, 1972 to March 20, 1975, Plaintiff was an employee of Huntington Ingalls, Inc., where he ran a "cherry picker" at Avondale shipyards. Later in life, he contracted mesothelioma. On July 16, 2021, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, Louisiana, and on October 26, 2021, Defendants removed the case to this Court.

Included as Defendants are Huntington Ingalls Inc., successor to Avondale, and LIGA. On March 11, 2021, Lamorak was declared to be insolvent, and LIGA

became the statutory obligor for Lamorak's policies, subject to the provisions and limitations contained in the LIGA Law contained in Louisiana Revised Statutes § 22:2051 – 22:2070. While Plaintiff worked at Avondale, the Lamorak policy at issue defined "Insured" to include the named insured (Avondale) and any executive officer, director or stockholder of Avondale while acting within their scope of duties as such.

## DISCUSSION

Defendant argues that Avondale, as evidenced by its Net Worth Affidavit filed under seal in this matter, is a high net worth insured, and therefore LIGA is not obligated to defend any claims made against Avondale's Lamorak insurance policy, including those claims targeting the officers. Defendant cites to a 2010 amendment to the LIGA Law, the Net Worth Exclusion, which provides that LIGA "shall not be obligated to pay any claims or provide a defense to any claims asserted for coverage under a policy when the insured is a high net worth insured." La. Rev. Stat. § 22:2061.1(B)(1). A high net worth insured is "any policyholder or named insured, other than any state or local governmental agency or subdivision thereof, whose net worth exceeds twenty-five million dollars on December thirty-first of the year prior to the year in which the insurer becomes an insolvent insurer." La. Rev. Stat. § 22:2061.1(A). Avondale has stipulated that its net worth exceeded $25,000,000 as of December 31, 2020, the relevant date for the insolvency. Thus, Defendant contends that the only issue presented is whether the claims against Avondale's executive officers are likewise excluded from LIGA coverage as claims under a policy when the insured is a high net worth insured.

Plaintiff objects to the application of § 22:2061.1 to Avondale's executive officers because LIGA did not provide evidence that any of Avondale's officers have a net worth of over $25,000,000 and because Avondale's executive officers are distinct insureds from Avondale. Plaintiff submits that this Court follow the decisions on similar motions in *Legendre v. Lamorak Insurance Company et al.*, No. 19-14336 (E.D. La. July 26, 2022) and *Cortez v. Lamorak Insurance Company et al.*, No. 20-2389 (E.D. La. Aug. 9, 2022). In both of those cases, the court denied the motion as to Avondale's executive officers, and the parties settled their claims after the first day of trial.

In reply, Defendant argues that the net worth exclusion shifts recovery from LIGA to the high net worth insured (in these cases, Avondale), rather than to individual insureds, so Plaintiff may still recover for the officers' liability from their employer through vicarious liability. Thus, the issues before the Court are (1) whether Avondale is a high net worth insured excluded from LIGA's obligations and (2) whether Avondale's executive officers are also excluded by the net worth exclusion.

First, considering Defendant's deposition testimony; (Rec. Doc. 288-4, at 4) ("LIGA has taken the position [that Avondale has] a net worth over 25 million."); the affidavit of the Assistant Treasurer of Huntington Ingalls submitted to LIGA attesting that "as of December 31, 2020, the consolidated net worth of HII, including the fair market values of all its subsidiaries and affiliates, exceeded Twenty-Five Million and no/100 ($25,000,000) Dollars;" and the plain language of the Net Worth Exclusion contained in La. Rev. Stat. § 22:2601.1; there can be no genuine dispute

3

that Avondale is a high net worth insured. Accordingly, LIGA is not obligated to pay claims under Lamorak's policy on behalf of Avondale.

Second, considering the pleadings, discovery, and affidavits, a genuine issue remains as to LIGA's liability arising from Lamorak's coverage of Avondale's executive officers. After a trial, the Court may have a more complete context to evaluate the effect of the parties' conflicting statutory interpretations of the Net Worth Exclusion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that LIGA/Avondale's *Motion for Summary Judgment* **(Rec. Doc. 211)** is **GRANTED** as to liability arising from Lamorak's coverage of Avondale and **DENIED without prejudice** as to coverage of Avondale's executive officers.

New Orleans, Louisiana, this 8th day of March, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE