UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK P. RAGUSA, JR.

                                      CIVIL ACTION

VERSUS

                                      NO. 21-1971

LOUISIANA GUARANTY
INSURANCE ASSOCIATION, ET AL.           SECTION: "J"(5)

## ORDER AND REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 402)** filed by Defendant, Huntington Ingalls Incorporated ("Avondale"), and a *Motion for Summary Judgment* **(Rec. Doc. 362)** filed by Defendant, The Travelers Indemnity Company ("Travelers") in its capacity as an alleged insurer of the following alleged "Avondale executive officers": C. Edwin Hartzman, Hettie Dawes Eaves, John Chantrey, Ollie Gatlin, Earl Spooner, Peter Territo, George Kelmell, J. Melton Garrett, Burnette Bordelon, Albert Bossier, Jr., and Dr. Joseph Mabey ("Avondale's Alleged Executive Officers") The motions are opposed by Plaintiff, Frank P. Ragusa (Rec. Doc. 445), and Avondale filed a reply (Rec. Doc. 551). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motions should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

On July 16, 2021, Frank P. Ragusa, Jr. filed suit in Civil District Court for the Parish of Orleans, asserting Louisiana negligence and intentional tort claims against numerous defendants, including Avondale and Avondale's executive officers. Avondale removed the case to this Court on October 26, 2021.

Ragusa alleges he was exposed to asbestos from approximately June 5, 1972 through August 15, 1972, from February 5, 1975 through March 20, 1975, and again from September 12, 1975 through 1976 while working at Avondale. While employed at Avondale, Ragusa worked as a tacker constructing barges at the Westwego Yard, then later as a crane operator on the deck of a Zapata rig in the Mississippi River. Due to that occupational exposure, he was diagnosed with mesothelioma on June 4, 2021.

## DISCUSSION

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Avondale moves for summary judgment, seeking dismissal of Ragusa's claims as barred and preempted by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 905(a) and 933(i). Travelers avers that, if this Court grants Avondale's motion, Travelers' motion should also be granted because Travelers is the alleged insurer of Avondale's executive officers.

The LHWCA is a federal workers' compensation statute that provides covered maritime workers with "medical, disability, and survivor benefits for work-related injuries and death." *MMR Constructors, Inc. v. Dir., Office of Workers' Comp. Programs*, 954 F.3d 259, 262 (5th Cir. 2020). Before 1972, the LHWCA's "situs" requirement only covered employees injured or killed on navigable waters of the United States, including any dry dock. *Id.* (citing 33 U.S.C. § 903(a); 44 Stat. 1426; *Dir., OWCP, U.S. Dep't of Labor v. Perini N. River Assocs.*, 459 U.S. 297 (1983)).

Congress's 1972 amendments expanded the situs requirement to include certain land areas and added a status component requiring maritime employment. *Id.* (citing *Perini*, 459 U.S. at 299; 33 U.S.C. §§ 903(a), 902(3)).

Ragusa first contends that this Court should apply the version of the LHWCA in effect at the time of Plaintiff's first exposure in 1972, rather than the time of disease manifestation. (Rec. Doc. 445, at 3-6). Applying the pre-1972 LHWCA would not include Ragusa's injuries, he argues, because that version of the law did not apply to exposures on land such as Plaintiff's. *Id.* at 6.

In terms of choosing which version of the LHWCA to apply to the case, the Court must determine the "date of injury," which is deemed to arise on the date the injury "manifested." *Cortez v. Lamorak Ins. Co.*, 597 F. Supp. 3d 959, 967-968 (E.D. La. 2022) (citing *Castorina v. Lykes Bros. S.S. Co.*, 758 F.2d 1025 (5th Cir. 1985)).[1] According to Congress's 1984 amendments to the LHWCA, for occupational diseases that do not "immediately result in a disability or death, an injury shall be deemed to arise on the date on which the employee or claimant becomes aware, or in the exercise of reasonable diligence or by reason of medical advice should have been aware, of the disease." Pub.L. No. 98–426, § 28(g)(1), 98 Stat. 1639 (1984). Because Ragusa's

---

[1] Ragusa contends, as did the plaintiff in *Cortez*, that dicta in a footnote in *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 466 n.6 (5th Cir. 2016) requires the Court to apply the LHWCA at the time of exposure. This is not the case, because *Savoie* refers to the state law in effect at the time of exposure, rather than the LHWCA, and *Savoie* did not overrule *Castorina*. *See Cortez*, 597 F.Supp.3d at 967-68; *Hulin v. Huntington Ingalls, Inc.,* No. 20-924, 2020 WL 6059645, at **3-4 (E.D. La. Oct. 14, 2020) ("the Court does not find that the Fifth Circuit [in *Savoie*] overruled its earlier, reasoned decision in *Castorina* by way of dicta in a footnote."); *Krutz v. Huntington Ingalls, Inc.*, No. 20-1722, 2021 WL 5893981, at *3 (E.D. La. April 22, 2021); *Barrosse v. Huntington Ingalls Inc., et al.*, No. 20-2042, 563 F.Supp.3d 541, 550 (E.D. La. Sept. 24, 2021), appeal docketed, No. 21-30761 (5th Cir. Dec. 20, 2021); *Hotard v. Avondale Industries, Inc. et al.*, No. 20-1877, 2022 WL 1715213, at *8 (E.D. La. Jan. 26, 2022).

mesothelioma manifested in June 2021 when he was diagnosed, the date of injury is June 2021, and thus the Court applies the LHWCA as it existed in June 2021.

The Court next turns to whether Ragusa's claims are covered under the LHWCA by applying the "status" and "situs" elements to Ragusa. The status requirement limits application of the LHWCA to employees in "traditional maritime occupations," including "any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker." *New Orleans Depot Servs. v. Dir., Office of Worker's Comp. Programs*, 718 F.3d 384, 389 (5th Cir. 2013) (citing 33 U.S.C. § 902(3)). The status test is satisfied when the person is "directly involved in an ongoing shipbuilding operation." *Ingalls Shipbuilding Corp. v. Morgan*, 551 F.2d 61, 62 (5th Cir. 1977). The situs requirement requires that the injury occur on the "navigable waters of the United States" and "any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel." 33 U.S.C. § 903(a); *see also Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 719 (1980) ("In 1972, Congress ... extend[ed] the LHWCA landward beyond the shoreline of the navigable waters of the United States.").

In this case, Ragusa worked as a tacker building barges and then as a crane operator on deck of a ship. These types of work satisfy the status test because they are essential steps of the shipbuilding process. Ragusa's occupational asbestos exposures occurred at the Avondale shipyard and on a rig in the Mississippi River. These two facilities satisfy the situs requirement as areas used by an Avondale in

4

repairing and building vessels on and adjacent to navigable waters of the United States and also as a navigable water of the United States. Ragusa also argues that his exposures to asbestos carried home on his clothing do not meet the status or situs requirements. (Rec. Doc. 445, at 19-21). The Court rejects this argument. Ragusa would not have inhaled asbestos at home if the asbestos had not arisen out of his employment at Avondale Shipyard. *See also Barrosse*, 563 F. Supp. 3d at 555 (noting that other sections of this court have found similarly: that off-site exposures to asbestos carried home on an Avondale worker's clothing are not totally unrelated to work because workers were exposed at work and simply carried some of asbestos home). Accordingly, the Court finds that Ragusa's asbestos exposures at home arose out of his work at a covered situs. Because Ragusa passes both the status and situs tests of the LHWCA, the LHWCA covers his injuries.

Finally, the parties dispute whether the LHWCA's exclusivity provision immunizes Avondale from liability and preempts Ragusa's negligence and intentional tort claims. The exclusivity provision of the LHWCA provides that:

> The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death ....

33 U.S.C. § 905(a). Its purpose is to strike a balance between employers and longshoremen and harbor workers: "Employers relinquish their defenses to tort actions in exchange for limited and predictable liability. Employees accepted the limited recovery because they receive prompt relief without the expense, uncertainty,

and delay that tort actions entail." *Morrison-Knudsen Constr. Co. v. Director, OWCP*, 461 U.S. 624, 636 (1983). Other sections of this Court have held that, based on that purpose, the LHWCA preempts a state tort claim. *See Krutz*, 2021 WL 5893981, at *7; *Hulin*, 2020 WL 6059645, at *7; *Barrosse*, 563 F.Supp.3d at 557–60; *Dempster*, 2020 WL 5071115, at *7; *see also Rosetti v. Avondale Shipyards, Inc.*, 821 F.2d 1083, 1085 (5th Cir. 1987)) (finding that the LHWCA barred a "state law negligence claim" because "[u]nder the LHWCA, workers compensation is the exclusive remedy for an injured employee against his employer"). Because permitting Ragusa's tort claims against Avondale as his employer would contradict the plain meaning of the exclusivity provision as well as obstruct the purpose of the LHWCA, the Court finds that these claims are preempted.

Plaintiff argues that preemption does not apply because the Supreme Court in *Hahn v. Ross Island Sand and Gravel*, 358 U.S. 272 (1959) (per curiam) allowed a plaintiff to bring a tort claim against his employer. In that case, the plaintiff sought benefits through Oregon's compensation regime, but his employer elected to reject them. *Hahn*, 358 U.S. at 273. The Court stated that, for cases in a "twilight zone," where it was "impossible to predict in advance of trial whether a worker's injury. . . although maritime in nature, was so local as to allow state compensations laws validly to apply," the Longshoremen's Act did not prevent recovery. *Id.* at 272-73. However, the Court also specifically noted that such negligence claims would be barred by the LHWCA if the case were not within the "twilight zone" of concurrent jurisdiction. *Id.* The Court finds that this case is distinguishable from *Hahn* because

the plaintiff in *Hahn* sought benefits through the state's workers compensation regime, which were not available under the circumstances, so the Court held that the claims did not conflict with the LHWCA. Here, however, Ragusa asserts state tort claims against his employer, and those claims, for the reasons already given, are preempted by the LSWCA.

Finally, Ragusa argues that the LHWCA does not bar Louisiana state law intentional tort claims, and Avondale was aware of the risks associated with asbestos. (Rec. Doc. 445, at 23-24).  Avondale counters that an awareness of risk does not rise to the level of intent that Plaintiffs must prove. Summary judgment is generally disfavored when issues of intent or state of mind are involved. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265–66 (5th Cir. 1991). However, if a court draws every reasonable inference in favor of the nonmoving party, summary judgment can be appropriate where the nonmoving party has failed to present evidence whereby a reasonable jury could find in its favor on the issue of intent. *Id.* at 1266. Summary judgment is especially appropriate where, as here, a plaintiff faces such a daunting burden to prove that a plaintiff's mesothelioma was substantially certain to result from defendants' conduct. See *id.* (internal citations omitted).

Therefore, the Court agrees with Avondale. The LHWCA does not include an exception for intentional torts.  Even considering the facts in the light most favorable to Ragusa and assuming that Avondale was aware that there was a major risk, or even a probability, that Ragusa would contract mesothelioma, Ragusa has failed to bring sufficient evidence whereby a reasonable jury could conclude that Ragusa's

contracting mesothelioma was "inevitable or incapable of failing" and was thus substantially certain to result from Avondale's conduct. In fact, it has been established that "it is [not] common human experience … that mesothelioma is known certainly or inevitably to follow from asbestos exposure." *Zimko v. Am. Cyanamid*, 2003–0658 (La. App. 4 Cir. 6/8/05); 905 So.2d 465, 479, *cert. denied*, 2005–2102 (La.3/17/06), 925 So.2d 538. Accordingly, plaintiff's claim against Avondale lies in the realm of negligence, not in intentional tort.

Travelers argues that, as an alleged insurer of Avondale's executive officers, it is similarly situated to Avondale in this motion and is entitled to the same relief. (rec. Doc. 362-1, at 3). Travelers also argues that, because it is only named in its capacity as a direct action insurer, if the Court grants Avondale's motion, all claims against Travelers in its capacity as an insurer of Avondale's executive officers should likewise be dismissed as co-extensive with claims against its insured. *Id.* at 4. Plaintiff provides no opposition to Travelers' arguments, which the Court finds meritorious. *See Nations v. Morris*, 483 F.2d 577, 588-89 (5th Cir. 1973) (LHWCA tort immunity extends to employer's liability insurer and co-employees sued under Direct Action Statute); *Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835 (E.D. La. 2011) (holding that direct action claims against liability insurer are co-extensive with claims against insured for purposes of workers compensation law).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Avondale's *Motion for Summary Judgment* **(Rec. Doc. 402)** is **GRANTED.**

**IT IS FURTHER ORDERED** that, as an alleged insurer of Avondale's executive officers, Travelers' *Motion for Summary Judgment* **(Rec. Doc. 362)** is also **GRANTED**

New Orleans, Louisiana, this 20th day of March, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE