UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK P. RAGUSA, JR.

VERSUS

LOUISIANA GUARANTY
INSURANCE ASSOCIATION, ET AL.

CIVIL ACTION

NO. 21-1971

SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is a *Motion for Partial Summary Judgment Regarding Plaintiff's Alleged 1989 Non-Employee Exposures* **(Rec. Doc. 347)** filed by Defendant, Huntington Ingalls Incorporated ("Avondale"). The motion is opposed by Plaintiff, Frank P. Ragusa (Rec. Doc. 443), to which Avondale has replied (Rec. Doc. 568). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part.**

## FACTS AND PROCEDURAL BACKGROUND

On and off from June 5, 1972 to March 20, 1975, Plaintiff was an employee of Huntington Ingalls, Inc., where he ran a "cherry picker" at Avondale shipyards. Relevant to the present motion, Plaintiff worked for Pauline Management ("JP & Sons") at the Avondale Shipyard in 1989. Plaintiff was exposed to asbestos during this time from friction materials installed in the cranes that the Plaintiff operated which were owned by JP & Sons. Later in life, he contracted mesothelioma. On July 16, 2021, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, Louisiana, and on October 26, 2021, Defendants removed the case to this Court.

Avondale has moved for summary judgment as to Plaintiff's claims for exposures that occurred in 1989.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its

own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### A. Strict Liability

Avondale has moved for summary judgment as to Plaintiff's claims regarding strict liability, arguing that it cannot be held strictly liable as a premises owner Louisiana Civil Code article 2322 provides "[t]he owner of a building is answerable for the damages occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction." Article 2317, which was effect until 1996, provided strict liability for "things which we have in our custody" or garde. To establish strict liability under article 2317, plaintiffs must prove that "(1) the thing which caused the damage was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of

harm; and (3) the injuries were caused by this defect." *Migliori v. Willows Apartments*, 727 So.2d 1258, 1260 (La. App. 4 Cir. 1999). Non-owner defendants have custody over something if they exercise direction and control of the thing or derive some benefit from it. *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 565 (5th Cir. 2003). "In a strict liability determination, 'defect' is an imperfection or deficiency which inheres with relative permanence in a thing as one of its qualities." *Haydel v. Hercules Transport, Inc.*, 94–0016, 654 So.2d 408, 415 (La. App. 1 Cir. 1995). Therefore, a temporary condition does not constitute a defect. Because none of the asbestos at issue in this particular motion for summary judgment came from any of Avondale's buildings, Avondale cannot be liable as a matter of law for the 1989 exposure under article 2322.

As to custodial liability under article 2317, Avondale argues that it cannot be held liable because Plaintiff cannot establish that Avondale had the right of supervision, direction, and control, or the right to benefit from the asbestos-containing products. Plaintiff, however, argues that Avondale did control the cranes at issue and in fact had a policy which applied to outside representatives which controlled how asbestos safety was to be implemented at its shipyard. (Rec. Doc. 443, at 12). Mr. Ragusa testified in his deposition that Avondale directed his crane work rather than his employer, J. P. & Sons. (Ragusa Deposition, Rec. Doc. 443-6, at 3). Additionally, Plaintiff points to a document attached to the affidavit of Danny Joyce, Avondale's former industrial hygienist and longtime corporate representative. (Rec. Doc. 443, at 11). This document is titled "Asbestos Exposure

Control and Procedure" and states that "this procedure is applicable to all ASI divisions, departments, and outside representatives involved in the receiving, storage, moving, handling, use and disposal of asbestos and asbestos containing materials." (Joyce Affidavit Rec. Doc. 347-5, at 7). Plaintiff argues that this procedure further illustrates that Avondale controlled both Mr. Ragusa's work and the overall treatment of asbestos on its property.

This case is similar to *Smith v. Union Carbide*, 2014 WL 4930457, at *7 (E.D. La. Oct. 1, 2014), in which this Court found that premises owners Ethyl and Dow Chemical could not be held strictly liable for asbestos exposure from pipe installation and mixing asbestos concrete. In *Smith*, just as in this case, the plaintiff was a contractor and not a direct employee of the premises owner. *Id.* at *1. The plaintiff argued that Ethyl and Dow Chemical were liable as custodians under article 2317 because they specified that asbestos be used in the installations on which plaintiff worked. *Id.* at *6.  However, this Court found that this specification and the fact that the defendants generally governed safety on their premises was not enough to support liability under article 2317. *Id.* In *Smith*, the Court could not find Ethyl and Dow Chemical to be liable under article 2317 even though specifically required the use of asbestos containing products. In this case where there is no contention that Avondale specifically required asbestos to be used in J.P. & Son's cranes, this conclusion must be even more true. Therefore, summary judgment is **GRANTED** as to the strict liability claims.

## B. Negligence

### a. Vicarious Liability

Avondale has also moved for summary judgment as to Plaintiff's negligence claims against Avondale for the 1989 exposure. Avondale argues that it cannot be held vicariously liable for the 1989 exposure as a matter of law because it was not Plaintiff's employer and is therefore protected by the independent contractor defense. Under the independent contractor defense, "a principal is generally not liable for the offenses committed by an independent contractor while performing its contractual duties." *Sandbom v. BASF Wyandotte*, 674 So.2d 349, 353 (La. App. 1st Cir. 1996). Plaintiff, however, argues that the independent contractor defense does not apply. Because the independent contractor defense is an affirmative defense, Avondale bears the burden of proof. Plaintiff points out that Avondale has not been able to produce the actual contract between Avondale and J.P. & Sons or even a copy of said contract and therefore contends that Avondale cannot meet its burden of proof on this affirmative defense. As the moving party who also bears the burden of proof on this issue, Avondale "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65. Avondale has not produced this contract. Whether J.P. & Sons was an independent contractor and the contract which governed that alleged relationship is a material fact which is necessary for the resolution of whether Avondale could be held vicariously liable. Because the standard for summary judgment is demanding and because it is a remedy that is

meant to be the exception rather than the rule, the Court finds that summary judgment must be **DENIED** as to vicarious liability.

### b. Direct Liability

In addition to vicarious liability, Plaintiff also claims direct liability against Avondale as a premises owner. Regardless of whether Avondale is protected by the independent contractor defense for vicarious liability, this defense is "not a bar to a direct liability claim arising out of a premises-owner's negligence." *Thomas v. A. P. Green Industries, Inc.*, 933 So.2d 843, 852 (La. App. 4 Cir. 2006). Under Louisiana law, liability for negligence is determined using the Duty/Risk analysis which consists of five elements: (1) duty, (2) breach, (3) cause-in-fact, (4) scope of liability, and (5) damages. *Terese v. 1500 Lorene LLC*, 2010 WL 4702369, at *2 (E.D. La. Nov. 12, 2010).

As to the duty element, "a premises owner has a duty of exercising reasonable care for the safety of persons on its premises and a duty of not exposing such persons to unreasonable risks of injury." *Thomas*, 933 So.2d at 852. Thus, regardless of whether Avondale is protected from vicarious liability through the independent contractor defense, it still owed a duty to Plaintiff as a premises owner.

As to the breach element, Avondale argues that it cannot be held liable because it was not responsible for any of the asbestos to which Plaintiff was exposed during this time period. (Rec. Doc. 347, at 11). Indeed, it is undisputed that the only source of asbestos were the J.P. & Son's cranes. Avondale asserts that there is no evidence that it either directed the asbestos material to be used, nor controlled the friction

materials used in the cranes in any way. *Id.* at 12. Plaintiff, however, argues that Avondale can be held liable for negligence because it directed Plaintiff's work. The Fifth Circuit has held that "a premises owner may be liable (1) if he exercises 'operational control' over the independent's contractor's actions, or (2) if he 'expressly or impliedly authorizes an unsafe practice." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 612 (5th Cir. 2018). It is true that Plaintiff testified that Avondale directed his activities while he worked on site there as a contractor. It is also true that Avondale had an asbestos safety policy which applied to outside individuals. However, Avondale argues that Plaintiff's self-serving testimony and this general policy cannot be enough to subject it to liability for negligence (Rec. Doc. 568, at 3). Avondale states that this evidence "does not translate into a duty or negligence on Avondale's part because again, Plaintiff has not established that Avondale required, controlled, or was even aware of any asbestos friction materials within cranes undisputedly owned, maintained, and operated by plaintiff's employer, the third party contractor JP & Sons." *Id.* In other words, it is Avondale's position that even if it directed Plaintiff's work on the cranes, there is no evidence that Avondale directed J.P. & Sons to use asbestos in its cranes.

In *Lopez v. McDermott, Inc.*, 2020 WL 3668059, at *7 (E.D. La. July 6, 2020), the court held that a premises owner could not be held liable for asbestos exposure to an independent contractor where "any asbestos exposure suffered by [the plaintiff] while working on Exxon platforms resulted from the tools, equipment, and materials supplied by the independent contract and accordingly was a risk inherent

in his job as a welder and pipefitter." Similarly in this case, it is undisputed that any asbestos exposure suffered during the 1989 period came from cranes owned by J.P. & Sons. Regardless of whether J.P. & Sons can be classified as an independent contractor for purposes of vicarious liability, J.P. & Sons was a third-party entity who was the direct employer of Mr. Ragusa. Therefore, just as in *Lopez*, the sole danger of asbestos fibers was inherently related to the job Mr. Ragusa performed, not the space in which he performed it. *Id.* Again, regardless of the level at which Avondale directed the operation of the cranes, there is no evidence that Avondale directed the use of asbestos in those cranes. Accordingly, summary judgment should be **GRANTED** as to Avondale's direct liability for negligence.

## C. Intentional Tort

Finally, Plaintiff has asserted intentional tort and punitive damages claims against Avondale for his non-employee 1989 exposures. "To prove an intentional tort, plaintiff must show that Avondale either consciously desired that plaintiff contract mesothelioma, or knew that the result was substantially certain to follow from its conduct." *Cortez v. Lamorak Insurance Company*, 597 F.Supp. 3d 959 (E.D. La. April 4, 2022) (internal citation omitted). "It is not sufficient for plaintiff to show that Avondale had knowledge that its practices were dangerous and created a high probability that someone would eventually be injured. Indeed, a defendant's 'belie[f] that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort, but instead falls within the range of negligent acts.'" *Id.* (citing *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208,

214 (La. 1999)). Plaintiff has submitted no evidence that Avondale intended for him to contract mesothelioma. Therefore, Plaintiff cannot meet his burden of proof as to the intentional tort claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Avondale's *Motion for Partial Summary Judgment Regarding Plaintiff's Alleged 1989 Non-Employee Exposures* **(Rec. Doc. 347)** is **GRANTED** as to strict liability, direct liability, and intentional torts and **DENIED** as to vicarious liability.

New Orleans, Louisiana, this 22nd day of March, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE