UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK P. RAGUSA, JR.

VERSUS

LOUISIANA GUARANTY
INSURANCE ASSOCIATION, ET AL.

CIVIL ACTION

NO. 21-1971

SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 584)** filed by Plaintiff, Frank P. Ragusa ("Plaintiff"). Defendants filed three opposition memoranda (Rec. Docs. 594, 595, 596), to which Plaintiff replied (Rec. Doc. 599). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of Plaintiff's occupational asbestos exposure at the Avondale Shipyards and eighteen other facilities where he worked as a crane operator from 1973 thorough 2017. Plaintiff was diagnosed with mesothelioma on June 4, 2021. On July 16, 2021, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, and he proceeded to filed two supplemental and amended petitions on August 26, 2021 and October 1, 2021, naming additional defendants. On October 26, 2021, Defendants removed the case to this Court pursuant to the Federal Officer Removal Statute.

On October 28, 2021, Plaintiff moved to remand, claiming removal was untimely and that Defendants could not satisfy the connection requisite. On

November 23, 2021, the Court denied the motion because defendants timely removed the case and because a broad reading of the connection prong of the federal officer removal statute tended to show that Plaintiff was likely exposed to asbestos being used under the direction of a federal officer, even though he never set foot on a federal vessel. Because two federal vessels were under construction during the time of Plaintiff's alleged exposure at Avondale, the Court held that Avondale met the requirements to remove under the federal officer removal statute.

Since then, this case has amassed almost 600 docket entries, and trial is set for May 8, 2023. On March 20, 2023, this Court granted summary judgment on Plaintiff's direct employee claims against Huntington Ingalls, Inc. ("Avondale") for work he performed from February 5, 1975 through March 20, 1975, pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Also on March 20, 2023, Plaintiff filed the instant motion to remand, arguing that the Court now lacks subject matter jurisdiction because his claims against Avondale pursuant to the LHWCA formed the sole basis for federal jurisdiction.

## DISCUSSION

Plaintiff requests that this Court decline to exercise supplemental jurisdiction over his remaining claims against Avondale and the other defendants and remand this case because the Court dismissed his claims against Avondale relating to his exposure as an Avondale employee. (rec. Doc. 584-1, at 2-3). Plaintiff's case was originally removed to this Court pursuant to the federal officer removal statute, which provides:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C.A. § 1442(a). The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach," permitting removal even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in response. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020). In the Order denying Plaintiff's first motion to remand, the Court emphasized that, because of the statute's purpose, § 1442(a) must be liberally construed, and courts must interpret factual disputes in favor of maintaining federal officer jurisdiction. *Ragusa v. Louisiana Ins. Guar. Ass'n*, 573 F. Supp. 3d 1046, 1051 (E.D. La. 2021). The question before the Court is whether the dismissal of Plaintiff's claims against Avondale that gave rise to jurisdiction under § 1442(a) divests the Court of jurisdiction over the remaining claims against Avondale and against other defendants.

Plaintiff points to remands in other asbestos cases, *Broussard v. Huntington Ingalls, Inc., et al*, No 20-836, 2022 WL 671911 (E.D. La. Mar. 7, 2022) and *Humphries v. OneBeacon Am. Ins. Co., et al*, No 13-5426, 2015 WL 750512 (E.D. La. Feb. 20, 2015). In both of those cases, the courts remanded by declining supplemental

jurisdiction over state law claims after the defendant who removed under federal officer removal was dismissed.

However, the courts in *Broussard* and *Humphries* did not consider recent Fifth Circuit precedent that a district court does not lose jurisdiction if the plaintiff "cease[s] to assert a claim that was subject to the federal contractor defense" nor "if the facts later indicate the federal [contractor] defense fails."[1] *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 862-83 (5th Cir. 2021) (quotations, footnotes, and alteration omitted); *see also IMFC Pro. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. 1982) ("elimination of the federal officer from a removed case does not oust the district court of jurisdiction (except where there was no personal jurisdiction over the officer)"). Because a plaintiff's "claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed," if subject-matter jurisdiction exists based on the federal contractor defense at the time of removal, "an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Williams*, 990 F.3d at 862 n. 40 (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007)).

So, although the Fifth Circuit has made clear that the "general rule" is to decline to exercise jurisdiction over state law claims after all federal claims are

---

[1] The Court also notes that Plaintiff's vicarious liability claims against Avondale have not been dismissed. Unlike the parties entitled to federal officer removal in *Broussard* and *Humphries*, Avondale is still a defendant in this case, pretermitting any determination of whether those vicarious liability claims are "for or relating to any act" giving rise to jurisdiction under 28 U.S.C.A. § 1442(a).

4

eliminated from a case, this rule is "neither mandatory nor absolute." *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). The reasoning in *Williams* provides an expansion to that non-mandatory general rule, in which federal courts should exercise jurisdiction over cases removed under § 1442(a) even after all federal claims are dismissed.

The Court found previously that it had subject-matter jurisdiction at the time of removal, and subsequent elimination of the original basis for federal officer removal jurisdiction does not necessitate remand. Thus, the dismissal of Avondale's federal contractor defenses (Rec. Doc. 504) and of claims that gave rise to the federal officer removal (Rec. Doc. 578) does not oust the Court of jurisdiction.

Finally, even if the Court lacks original jurisdiction considering the dismissal of the federal claims, the Court has discretion to continue to exercise supplemental jurisdiction over the remaining state law claims. Although it is the general rule that where federal claims are dismissed before trial, a federal court should also dismiss pendent state claims, that rule "is neither absolute nor automatic." *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 307 (5th Cir. 1991), *cert. denied*, 502 U.S. 1096 (1992). The court may decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c). In determining whether to exercise supplemental jurisdiction, the court must also balance "judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000) (internal citations omitted).

The Court finds, and Plaintiff's motion demonstrates no disagreement, that there are no novel or complex issues of state law in this case. Additionally, although the Court has dismissed the claims over which it had original jurisdiction, this case has been pending in federal court for several years, extensive discovery has occurred, the Court has expended significant judicial resources on deciding multiple dispositive motions, and the case is ripe for trial in a few weeks. Moreover, unlike the court in *Humphries* and *Broussard*, this Court has had almost continuous jurisdiction over this case since removal in October 2021, and the state court in this case did not complete "substantial work to prepare for trial."[2] *Humphries*, 2015 WL 750512, at *2 n.15. The Court also notes that, considering the common law factors, delaying trial further by remanding to a new court would likely not serve Plaintiff's best interests and may require re-litigating issues that this Court has already ruled on or will rule on imminently. Therefore, the Court declines to remand this case to state court.

## CONCLUSION

---

[2] Ragusa's case was only pending in state court from July 2021 to October 2021. In *Humphries*, the Court noted that "the state court trial judge [was] intimately familiar with this matter and [had] already considered virtually every issue in this case which is currently pending before this Court." Humphries, 2015 WL 750512, at *2 n.13. In *Broussard*, the case was not removed to this court until after it had been pending in state court for approximately two years. *Broussard*, 2022 WL 671911.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand **(Rec. Doc. 584)** is **DENIED.**

**IT IS FURTHER ORDERED** that Oral Argument on the motion for remand, scheduled for March 28, 2023, is **CANCELLED.**

New Orleans, Louisiana, this 27th day of March, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE