UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK P. RAGUSA, JR.

VERSUS

LOUISIANA GUARANTY
INSURANCE ASSOCIATION, ET AL.

CIVIL ACTION

NO. 21-1971

SECTION: "J"(5)

## ORDER AND REASONS

Before the Court is a *Joint Motion for Partial Summary Judgment on Alleged Exposure to Asbestos from Cranes* **(Rec. Doc. 340)** filed by Defendants, Legacy Vulcan, LLC; CF Industries Nitrogen, LLC; The Dow Chemical Company; Entergy Louisiana, LLC; Exxon Mobil Corporation and ExxonMobil Oil Corporation; Hexion, Inc.; Marathon Petroleum Company, LP; Murphy Oil, LLC; Pharmacia LLC; Rubicon, LLC; Syngenta Crop Protection, LLC; and Union Carbide Corporation (the "Moving Defendants.") The motion is opposed by Plaintiff, Frank P. Ragusa (Rec. Doc. 454), and Defendants have replied. (Rec. Doc. 573). The Dow Chemical Company ("Dow") has also filed a separate reply (Rec. Doc. 575). Having considered the motion and legal memoranda, the record, and applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part.**

## FACTS AND PROCEDURAL BACKGROUND

Relevant to the present motion, Plaintiff worked for non-party B&G Crane Services, LLC ("B&G") as a crane operator from 1989 to 2017. While working for B&G, Plaintiff worked in various plants and refineries, including those owned by the Defendants who have herein moved for summary judgment. Plaintiff was allegedly

exposed to asbestos both from the friction materials in the cranes and from his work next to other crafts, including from pipefitters and insulators performing maintenance work in the plants. Later in life, he contracted mesothelioma. On July 16, 2021, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, Louisiana, and on October 26, 2021, Defendants removed the case to this Court. Defendants have moved for summary judgment only as it relates to his exposure from the cranes.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Defendants have moved for summary judgment as to Plaintiff's claims regarding his alleged asbestos exposure from cranes owned by a third party and operated on Defendants' premises. Louisiana Civil Code article 2317, which was effect until 1996, provided strict liability for "things which we have in our custody" or garde. To establish strict liability under article 2317, plaintiffs must prove that

3

"(1) the thing which caused the damage was in the care, custody and control of the defendant; (2) the thing had a vice or defect which created an unreasonable risk of harm; and (3) the injuries were caused by this defect." *Migliori v. Willows Apartments*, 727 So.2d 1258, 1260 (La. App. 4 Cir. 1999). Non-owner defendants have custody over something if they exercise direction and control of the thing or derive some benefit from it. *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 565 (5th Cir. 2003). "In a strict liability determination, 'defect' is an imperfection or deficiency which inheres with relative permanence in a thing as one of its qualities." *Haydel v. Hercules Transport, Inc.*, 94–0016, 654 So.2d 408, 415 (La. App. 1 Cir. 1995).

  Defendants argue that they cannot be held liable for Plaintiff's exposures caused by the cranes because Plaintiff cannot show that any of the cranes were in the care, custody, or control of any of the Moving Defendants. Defendants argue that any operation or maintenance of a crane would have occurred solely under the direction and control of Plaintiff's employer, B&G. In response, Plaintiff addressed each Moving Defendant separately, and testified that each of them dictated the work that was done on its premises and was responsible for safety on the job. (Rec. Doc. 454, at 4-7). However, even with this testimony, Plaintiff cannot establish that the Moving Defendants had the right of supervision, direction, and control, or the right to benefit from the asbestos-containing products.

  Similar to a previous order issued in this case (Rec. Doc. 588), this Court finds *Smith v. Union Carbide*, 2014 WL 4930457, at *7 (E.D. La. Oct. 1, 2014) to be

instructive. In *Smith*, this Court held that premises owners could not be liable under article 2317 even though they specifically required contractors on their premises to use asbestos in installations that the plaintiff worked on. In this case, Plaintiff has not pointed to any evidence that Defendants required the use of asbestos in the cranes Plaintiff operated or even were aware of its use. Plaintiff cannot establish that any of the Moving Defendants had care, custody, or control over the asbestos in this case as is required by article 2317. Therefore, the motion is **GRANTED** as to Plaintiff's claims regarding premises owner strict liability.

Plaintiff dedicates a large portion of his opposition to addressing his negligence claims against the Moving Defendants. However, Defendants' Motion for Summary Judgment is solely dedicated to their potential liability as premises owners under article 2317 for the cranes Plaintiff operated while on their premises. Therefore, the Court will not address Plaintiff's claims for negligence at this time. Additionally, Defendants only refer to their potential liability under article 2317 which was in effect until 1996. In their motion, Defendants never specify what years Plaintiff worked at each of their facilities. Plaintiff's opposition states that he worked for B&G until 2017, but he also fails to specify the time periods at which he worked at the facilities of a majority of the Defendants herein. The Court will not grant summary judgment for unspecified years governed by law which the Defendants did not brief. Therefore, to the extent that Defendants' motion seeks summary judgment for any years after 1996, the motion is **DENIED**.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Partial Summary Judgment on Alleged Exposure to Asbestos from Cranes* **(Rec. Doc. 340)** is **GRANTED** as to any exposures which occurred in 1996 or prior and **DENIED** to the extent that the motion was intended to address exposures in any later years.

New Orleans, Louisiana, this 31st day of March, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE