UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK RAGUSA, JR., ET AL. | CIVIL ACTION |
| VERSUS | No. 21-1971 |
| LOUISIANA INSURANCE GUARANTY ASSOCIATION ET AL. | SECTION: "J"(5) |

### ORDER & REASONS

Before the Court is a *Motion for Summary Judgment for Dismissal of Plaintiff's Wrongful Death Claims* **(Rec. Doc. 933)** filed by Defendant Louisiana Insurance Guaranty Association ("LIGA") and an opposition thereto (Rec. Doc. 942) filed by Plaintiff. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Frank Ragusa, was diagnosed with mesothelioma on or around June 4, 2021. Shortly after, on July 16, 2021, Mr. Ragusa filed suit, in state court, against a multitude of defendants alleging he contracted mesothelioma caused by asbestos exposure during his various places of employment. LIGA was sued as the alleged statutory obligor for policies issued by Lamorak Insurance Company ("Lamorak") as an insurer of Eagle, Inc., McCarty Corporation, and Avondale's executive officers. Defendants subsequently removed the suit to this Court.

Mr. Ragusa died on June 12, 2024. He was survived by his wife and his two daughters who were substituted as Plaintiffs for all survival damages that presently

existed against all Defendants. (Rec. Doc. 890-3, at 2). In addition, Plaintiffs asserted wrongful death claims against all Defendants on June 18, 2024.[1] (*Id.*).

On March 11, 2021, the Commonwealth Court of Pennsylvania issued an Order declaring Bedivere Insurance company ("Bedivere") to be insolvent, and an accompanying Order of Liquidation. The Order of Liquidation of Bedivere specifically includes Lamorak.[2] The Order of Liquidation appointed the Pennsylvania Insurance Commissioner as the Statutory Liquidator of Bedivere and directed her to "take possession of Bedivere's property, business and affairs . . . and to administer them pursuant to the orders of this Court." The Liquidator was vested by the court with exclusive jurisdiction to determine, among other matters, "the validity and amounts of claims against Bedivere."

Pursuant to the Court's Order, the Liquidator mailed a Notice to policyholders, creditors, Insurance Commissioners, and the National Conference of Insurance Guaranty Funds, and published the claims filing procedure in the newspaper of general circulation where Bedivere had its principal place of business, and in a magazine recognized as a source of news and information for insurance professionals. As set by the Liquidator, the Notice provided that the final date for the filing of claims on Bedivere/Lamorak's policies was December 31, 2021. (Rec. Doc. 933-2, at 1).

---

[1] Mr. Ragusa's claims against LIGA for the liability of McCarty Corporation have been dismissed. (Rec. Doc. 388).
Plaintiffs' wrongful death claims against LIGA for the alleged liability of Avondale's executive officers have also been dismissed. (Rec. Doc. 932).
[2] Formerly OneBeacon America Insurance Company.

2

Thus, Defendant LIGA filed this instant motion for summary judgment seeking dismissal of Plaintiffs' wrongful death claims as timed barred because Plaintiffs filed the claim on June 18, 2024, almost two and half years after the December 31, 2021 deadline.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict of the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's Inc.,* 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving

party can then defeat the motion by either countering with sufficient evidence of its own or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

The issue before the Court is whether Plaintiffs' wrongful death claims constitute "covered claims" as defined by LIGA Law. In particular, whether the Plaintiffs filing of their wrongful death claims is barred by the December 31, 2021 deadline.

LIGA is a statutory body created by Louisiana Revised Statute § 22:2051, *et seq*. Its purpose, set forth in § 22:2052,

> is to provide for the payment of covered claims under certain insurance policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer, to provide financial assistance to member insurers under rehabilitation or

4

> liquidation, and to provide an association to assess the cost of such operations among insurers.

As a statutorily created entity, LIGA is liable for only those obligations provided by the Louisiana Insurance Guaranty Association Law ("LIGA Law"). La. Stat. Ann. § 22:2051, *et seq*. Under LIGA Law, when an insurer is determined to be insolvent, LIGA is deemed to be the insurer to the extent of its obligation on pre-insolvency covered claims and has all the rights, duties, and obligations of the insolvent insurer as if that insurer had not become insolvent. La. Stat. Ann. §§ 22:2058(A)(1)(a), (A)(2). In addition, LIGA is obligated to the extent of covered claims arising after the determination of the insurer's insolvency but arising prior to the expiration of thirty days after the date of such determination of insolvency. *Id*. § 22:2058(A)(1)(a)(i).

A covered claim is any unpaid claim by or against the insured which arises out of and is within the coverage and not in excess of the applicable limits of insurance policy to which LIGA Law applies. *Id*. § 22:2055(6). However,

> Notwithstanding any other provision of this Part, a "covered claim" shall not include a claim filed with the association after the earlier of five years after the date of the order of liquidation of the insolvent insurer or the final date set by the domiciliary court for the filing of claims against the liquidator or receiver of an insolvent insurer.

*Id*. § 22:2058(A)(1)(c)(i).

Here, LIGA argues that Plaintiffs' wrongful death claims do not constitute timely filed "covered claims." Specifically, Plaintiffs failed to bring their wrongful death claims on or before December 31, 2021—the final date set by the Liquidator to bring a claim. (Rec. Doc. 933-3, at 1). Thus, Plaintiffs' wrongful death claims are time-

5

barred. LIGA does not dispute the timeliness of Mr. Ragusa's survival action. (Rec. Doc. 943).

LIGA cites *Brazan v. Lamorak Insurance Company, et al.*, No. 2018-C-0609 (La. App. 4 Cir. 07/23/18). In *Brazen*, the plaintiff filed suit against LIGA in 2017 alleging that he was exposed to asbestos in the court of his employment *Id.* at *1. However, the date to file covered claims against the insolvent had passed in 2004. *Id.* at *2. The Louisiana Fourth Circuit Court of Appeal reversed the trial court's judgment denying LIGA's peremptory exception of prescription, holding that § 22:2058(A)(1)(c)(i) was clear and unambiguous and must be applied at written. *Id.* Thus, claims arising after the claim arising after the claim bar date are not covered claims for which LIGA is obligated to pay.

Next, LIGA cites *Matherne v. Huntington Ingalls Inc. et al.*, 2022 WL 16529543 (E.D. La. Oct. 28, 2022) (J. Barbier), in which this Court held that both a survival action and a wrongful death claim filed against LIGA after the Liquidator's deadline were not "covered claims," even though the exposures to asbestos occurred prior to the deadline to file claims. In *Matherne*, the plaintiffs argued that their survival action against Lamorak vested at the time of plaintiff's exposure and their wrongful death claim vested upon her death. Disagreeing, this Court held that a plaintiff's claim against LIGA vests at the time the insurer becomes insolvent rather than at the time the covered event occurred. *Matherne*, 2022 WL 16529543, at *3 (E.D. La. Oct. 28, 2022) (citing *Prejean v. Dixie Lloyds Ins. Co.*, 660 So. 2d 836, 837 (La. 1995)). Therefore, even though Plaintiffs' survival action against Lamorak vested at the time

6

of plaintiff's exposure to asbestos, their claims against LIGA did not vest until Lamorak was declared insolvent, and upon Lamorak's insolvency, all provisions of the LIGA Law became applicable to Plaintiffs' claims, including the claim bar date. *Id*. With this reasoning, this Court held that Plaintiffs' wrongful death claims were also barred because plaintiff died after the claim bar date; therefore, the wrongful death claims were not covered claims. *Id*.

Lastly, LIGA cites *Thompson v. Citizens National Ins. Co.*, No. 98-0269 (La. App. 1 Cir. 02/19/99), 729 So. 2d 709. In *Thompson*, the Louisiana First Circuit affirmed summary judgment in favor of the Texas Property & Casualty Insurance Guarantee Association ("TIGA"), the Texas equivalent of LIGA. The *Thompson* Court held that the plaintiff's claim against the insurer was barred even though the accident occurred after the deadline for filing. *Id*. at 711-12. The court reasoned the need for "a degree of finality in liquidation proceedings." *Id*. at 712.

In opposition, Plaintiffs argue, in part, that (1) LIGA had sufficient notice of wrongful death claims; and (2) Plaintiffs' wrongful death claims were timely filed against LIGA. (Rec. Doc. 1, 4). The crux of Plaintiffs' argument is that since Mr. Ragusa's survival action claim was timely filed, Plaintiffs' wrongful death claims are also timely covered claims. (*Id.*).

Regarding their argument that LIGA was on notice, Plaintiffs cite *Kling v. Hebert*, 2023-257 (La. 1/26/24), 378 So. 3d 54. In *Kling*, the Fifth Circuit certified the following question to the Louisiana Supreme Court: "In Louisiana, under what circumstances, if any does the commencement of a suit in a court of competent

7

jurisdiction and venue interrupt prescription as to causes of action, understood as legal claims rather than the facts giving rise to them, not asserted in that suit?" *Kling v. Hebert*, 60 F.4th 281, 288 (5th Cir. 2023). The Louisiana Supreme Court answered that "[P]rescription is interrupted when notice is sufficient to fully apprise the defendant of the nature of the claim of the plaintiff, and what is demanded of the defendant." *Kling*, 378 So. 3d at 55. The *Kling* court explained "[t]he underlying reason why prescription does not bar a subsequent claim is that a defendant has adequate and timely notice by legal demand that liability arising out of the factual occurrence pleaded is sought to be enforced against him." *Id*. at 57.

Plaintiffs argue LIGA was on notice that Mr. Ragusa had a terminal illness and "a wrongful death claim would be added in the near future." (Rec. Doc. 942, at 1-2). Plaintiffs cite to the deposition of Mr. Ragusa's treating oncologist who testified that mesothelioma is a terminal illness and Mr. Ragusa's life expectancy was less than six months. (Rec. Doc. 942, at 2). Additionally, Plaintiffs cite to Mr. Ragusa's deposition in which he identified his wife and children and that the deposition was attended by LIGA. (*Id*.).

The Court finds Plaintiffs' argument without merit. Mr. Ragusa's timely filed survival action did not interrupt prescription on Plaintiffs' wrongful death claims. The Louisiana Supreme Court has held that

> The survival and wrongful death actions are separate and distinct causes of action, entirely independent of each other. . . regardless of whether or not suit is instituted by a tort victim during his life, his named beneficiaries must bring their wrongful death action within one year of the victim's death pursuant to the provisions of La. C.C. Article 3536. This is so because they do not bring the survival action to recover

> the victim's damages. They must bring their wrongful death action as original plaintiffs suing on a different cause of action which arose upon the victim's death.

*Guidy v. Theriot*, 377 So. 2d 319, 327–28 (La.).

Therefore, the Court finds that Plaintiffs' survival action and wrongful death claims are separate and distinct causes of actions. Plaintiffs were substituted to Mr. Ragusa's rights in his survival action upon his death. However, Plaintiffs had to bring their own wrongful death claims as original plaintiffs suing on a different cause of action which arose upon Mr. Ragusa's death. Plaintiffs did bring their own wrongful death claims on June 18, 2024, after the claim bar date. Thus, Plaintiffs' wrongful death claims do no constitute covered claims under LIGA Law. For this same reasoning, the Court also finds Plaintiffs' second argument that Plaintiffs' wrongful death claims were timely filed against LIGA is meritless.

Lastly, Plaintiffs argue that to accept LIGA's arguments would render La. Stat. Ann. § 22:2058(A)(1)(c)(i) unconstitutional because it would "shorten Plaintiffs' time period to file a tort action without providing a reasonable time period for those affected by this statute to assert their rights." (Rec. Doc. 942, at 5). In support, Plaintiffs quote *Domino v. Spartan Adventure Park LLC*, No. 20-1365, 2021 WL 1324270, at *4 (W.D. La. Mar. 31, 2021), which stated "The Louisiana Supreme Court has held that 'a newly-created statute of limitation of one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a ***vested right*** provided it allows a reasonable time for those affected by the act to assert their rights." (emphasis added).

9

The Court finds Plaintiffs argument unavailing. The *Domino* court also held the "The Louisiana Supreme Court has stated the "legislature has always enjoyed the power to create new rights and abolish old ones as long as it does not interfere with ***vested rights***." *Id.* (emphasis added). As previously discussed, Plaintiffs' rights against LIGA vested at the time Lamorak was declared insolvent, and upon Lamorak's insolvency, all provisions of the LIGA Law became applicable to Plaintiffs' claims, including the claim bar date. Thus, Plaintiffs did not have a vested right against LIGA to bring wrongful death claims after the bar claim date. Therefore, Plaintiff had no vested right that was at risk of any shortening statute of limitation.

Moreover, the Louisiana Legislature created LIGA with the purpose to *minimize* those financial losses of claimants or policyholders due to the insolvency of certain insurers. La. Stat. Ann § 22:2052; Stephanie B. Laborde et al., *The DEF's of LIGA: An Update to the ABC's of LIGA*, 77 La. L. Rev. 997, 1006 (2017). "LIGA Law is inherently designed to achieve as much of its purpose as possible, with the understanding that all claims under all policies of all insolvent insurers will not, and are not expected to, be paid or be paid in full." *Id.* If the legislature intended LIGA to be an "all-purpose guarantor of an insurer's insurer" it would have stated so in LIGA Law. *Id.*

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment Seeking Dismissal of Plaintiffs' Wrongful Death Claims* **(Rec. Doc. 933)** is **GRANTED**.

New Orleans, Louisiana, this 8th day of October, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE